UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DAVID KARWAT, II,

        Plaintiff,                            Case No. 11-cv-12452

v.                                    HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

### ORDER ADOPTING IN PART REPORT AND RECOMMENDATION (document no. 27), GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (document no. 13), DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (document no. 16), AND REMANDING CASE

The Social Security Administration ("SSA") denied Plaintiff and claimant John Karwat's application for a period of disability, disability insurance, and supplemental security income in a decision issued by Administrative Law Judge ("ALJ") Priscilla Rae on February 22, 2010. *See* ALJ Decision, ECF No. 9-2, at 19. After the SSA Appeals Council declined to review the decision, Karwat appealed to this Court. The Court referred the matter to a United States Magistrate Judge, and the parties filed cross motions for summary judgment. On August 16, 2013, the magistrate judge issued a Report and Recommendation ("Report") suggesting the Court grant Karwat's motion and deny the Commissioner of Social Security's ("Commissioner") motion. Report, ECF No. 27.

In the Report, the magistrate judge noted that Karwat was forty-four years old at the time of the most recent administrative hearing, and had worked for roughly seventeen years as a graphic artist. *Id.* at 3-4. He made claims for bipolar disorder, obsessive-compulsive disorder, depression, manic mood swings, irritability, and lack of focus. When considering the application, the ALJ found that Karwat had obsessive-compulsive disorder

and bipolar disorder, and that the conditions were severe. But when applying the five-step disability analysis, the ALJ found that these conditions did not meet or equal a listing in the social security regulations. The ALJ also found that Karwat retained a residual function capacity to perform a full range of work, but limited to occasional contact with supervisors and co-workers, no contact with the public, and unskilled work only. Although the ALJ concluded Karwat could not continue in his past relevant work, the ALJ found there were jobs that exited in significant numbers appropriate for his limitations. Consequently, the ALJ found that Karwat was not entitled to benefits. *Id.* at 4 (citing ALJ decision at 7-8).

In his motion for summary judgment, Karwat challenged the ALJ's decision in the grounds that the ALJ did not have substantial evidence to find that Karwat was not disabled, and that the ALJ did not provide reasons to find Karwat's testimony was not fully credible as to his claims of psychiatric and psychological limitations. After examining the pleadings and the administrative record, the Report concluded that the ALJ's incomplete discussion of Dr. Nagakar's opinions, improper weight of Dr. Newhouse's opinions, and improper consideration of "raw medical data" meant that the ALJ's decision was not supported by substantial evidence. *Id.* at 25.

First, the Report concluded that the ALJ failed to accurately give greater weight to treating psychiatrist Dr. Nagarkar's opinions about Karwat's claim of limitations. The Report found the ALJ's decision to give little weight to Dr. Nagarkar's opinions was not supported by substantial evidence because little contradictory evidence actually existed on the record; and that the ALJ did not fully explain why Dr. Nagarkar's opinion should not have been given controlling weight. *Id.* at 21-22 (citing *Blakley v. Comm'r of Soc. Sec.*, 582 F.3d 399, 406 (6th Cir. 2009). Second, the Report found that because Dr. Newhouse only had access

2

to Karwat's medical data through the end of 2007, Dr. Newhouse's opinion was out of date, and inappropriate for the awarding of significant weight. *Id.* at 22. Third, the Report concluded that because Dr. Newhouse's opinion was out of date, the ALJ necessarily relied on raw medical data when formulating his residual function capacity and other decisions. Because an ALJ is not permitted to "substitute his [or her] own medical judgment for that of the treating physician," *id.* (quoting *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009), the Report concluded that in the context of Karwat's case, the ALJ impermissibly drew conclusions about Karwat's condition based on raw evidence without consulting expert medical opinions. *Id.* at 25. Thus, the Report suggested remanding the case to the Commissioner for a re-assessment of the extant medical evidence, Karwat's credibility, and the consultation of an additional medical advisor. *Id.*

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Because neither the plaintiff nor defendant filed objections, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings in part,[1] grant Karwat's motion to remand,

---

[1] The Report states when discussing the impropriety of the ALJ's examination of raw medical evidence that "plaintiff was suffering from a complex diagnosis such as interstitial cystitis, as acknowledged by the Commissioner in SSR 02-2p." Report at 25. The Court has determined this is a clerical error, and the sentence merely intended to state that Karwat was suffering from complex diagnoses of obsessive-compulsive disorder and bipolar disorder. The error, when considered in context, does not alter the legal or factual conclusions of the Report. The Court will adopt the Report except for this sentence.

deny the Commissioner's motion for summary judgment, and remand the case for proceedings not inconsistent with this opinion.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Karwat's motion to remand (document no. 13) is **GRANTED**. This matter is **REMANDED** to the Commissioner for proceedings not inconsistent with this opinion.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (document no. 27) is **ADOPTED** in part.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment (document no. 16) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 19, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 19, 2013, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager